JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
DAVID G. HOLLENBERG (SBN 325408)
dhollenberg@cpmlegal.com
BLAIR V. KITTLE (SBN 336367)
bkittle@cpmlegal.com
CAROLINE A. YUEN (SBN 354388)
cyuen@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

MOLLY E. ERICKSON (SBN 253198)
erickson@stamplaw.us
**LAW OFFICE OF MOLLY ERICKSON**
PO Box 2448
Monterey, CA 93942-2448
Telephone: (831) 373-1214

*Counsel for Plaintiffs*

**GIBSON, DUNN & CRUTCHER LLP***
Austin Schwing (SBN 211696)
aschwing@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200

*Attorney for Defendants Vistra Corporation;
Vistra Corporate Services Company; Dynegy
Operating Company; Moss Landing Power
Company, LLC; Moss Landing Energy Storage
3, LLC; Luminant Power LLC; and Luminant
Power Generation LLC*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP***
Jeffrey N. Boozell (Bar No. 199507)
jeffboozell@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

*Counsel for Defendants LG Energy Solution
Arizona, Inc.; and LG Energy Solution Vertech,
Inc.*

*Additional counsel on signature pages

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| KIM SOLANO; LUIS SOLANO; THE HAUTE ENCHILADA, INC.; and HAUTE PROPERTIES, LLC,<br><br>                    Plaintiffs,<br>          v.<br>VISTRA CORPORATION; VISTRA CORPORATE SERVICES COMPANY; DYNEGY OPERATING COMPANY; MOSS LANDING POWER COMPANY, LLC; MOSS LANDING ENERGY STORAGE 3, LLC; LUMINANT POWER LLC; LUMINANT POWER GENERATION LLC; LG ENERGY SOLUTION ARIZONA, INC.; and LG ENERGY SOLUTION VERTECH, INC.,<br>                    Defendants. | CASE NO. 5:25-CV-02073-EKL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge Eumi K. Lee<br><br>Courtroom 7, 4th Floor<br>Action Filed: February 27, 2025 |

Gibson, Dunn &
Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 16 and 26, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, counsel for Plaintiffs Kim Solano, Luis Solano, The Haute Enchilada, Inc., and Haute Properties, LLC; counsel for Defendants Vistra Corp., Vistra Corporate Services Company, Dynegy Operating Company, Moss Landing Power Company, LLC, Moss Landing Energy Storage 3, LLC, Luminant Power Generation LLC (collectively, "Vistra"); and counsel for LG Energy Solution Arizona, Inc., and LG Energy Solution Vertech, Inc. (collectively, "LG Defendants"), met and conferred on October 8, 2025, and respectfully submit this Joint Case Management Statement in advance of the initial case management conference on October 30, 2025, at 1:30 P.M.

### 1. __Jurisdiction and Service__

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship.

Plaintiffs allege that all Defendants are subject to specific personal jurisdiction in this State because a substantial part of the events and conduct giving rise to Plaintiffs' claims occurred in this State. FAC ¶¶ 34–35. The LG Defendants dispute that either LG Defendant is subject to specific personal jurisdiction, and have moved to dismiss on that basis. *See* Dkt. 73. Plaintiffs also allege that venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the conduct at issue in this case occurred in this District. *Id.*

On February 27, 2025, Plaintiffs filed their complaint. Dkt. 1. Plaintiffs served Vistra on March 10, 2025, and April 8, 2025, and the LG Defendants on March 5, 2025, and March 4, 2025. Dkts. 6–12, 41–44. All Defendants have been served.

### 2. __Facts__

On January 16, 2025, a fire started at Vistra's Moss Landing 300 battery energy storage facility ("ML300"), located in Monterey County, California. FAC ¶ 1. The Moss Landing battery site is home to three battery energy storage system ("BESS") facilities (one of which is ML300) owned and operated by distinct entities, each related to Vistra Corp., an energy infrastructure company. ML300 stores electricity in batteries that Plaintiffs allege the LG Defendants designed and manufactured. *Id.* ¶¶ 31, 45, 49.

Gibson, Dunn & Crutcher LLP

The Plaintiffs are Kim Solano and her husband Luis Solano, who live in Moss Landing, and their two businesses: a restaurant (the Haute Enchilada, Inc.) and a short-term rental company (Haute Properties, LLC). FAC ¶¶ 16–19. Plaintiffs allege that "the battery storage method Vistra employed [at ML300]" was unsafe, FAC ¶ 52, and that "LG Defendants use[d] nickel cobalt manganese oxide ("NMC") batteries, which are more susceptible to thermal runaway events," FAC ¶ 60 and were "defectively manufactured" and "defectively designed," FAC ¶¶ 93–94. Plaintiffs assert the various Defendants were negligent in the face of these alleged risks and that the alleged negligence caused the fire and caused them harm. *See id*. ¶¶ 114–18.

Multiple cases have been filed in relation to this incident. In this Court, these cases are: *Vitale v. Vistra Corp.*, 5:25-cv-02489-EKL; *Kloeppel v. Vistra Corp.*, 5:25-cv-02800-EKL; *Collier v. Vistra Corp.*, 5:25-cv-02951-EKL; *Stack View Farms Inc. v. Vistra Corp.*, 5:25-cv-04193-PCP; *Smith v. Vistra Corp.*, 5:25-cv-5407-EKL; *Bright Future Solar Energy, Inc. v. Vistra Corp.*, 5:25-cv-05485-EKL; *Martin v. Vistra Corp.*, 5:25-cv-05804-EKL; and *Bock v. Vistra Corp.*, 5:25-cv-06869-BLF. In California state court (collectively "the state court cases"), these cases are: *Vierra v. Moss Landing Power Company, LLC*, 25CV001943 (Monterey Superior Ct.); *Schmidt v. Vistra Corp.*, 25CV109594 (Alameda Superior Ct.); *Roeder v. Moss Landing Power Company, LLC*, 25CV114147 (Alameda Superior Ct.); and *Jackson v. Vistra Corp.*, 25CV116109 (Alameda Superior Ct.).

The principal factual issues in dispute include:

1. What caused and/or contributed to the start and spread of the fire;

2. Whether the design and manufacture of the batteries, fire suppression system(s), and/or the building(s) caused and/or contributed to the start and spread of the fire;

3. The concentration, emission, and area of deposition of materials released as a result of the fire;

4. At what levels of exposure the alleged contaminants at issue can cause adverse health effects;

5. Whether Plaintiffs were exposed to any contaminants released by the fire and, if so, what amount;

6.  Whether Plaintiffs suffered personal injuries and, if so, the nature and extent of any such injuries;

7.  To the extent Plaintiffs suffered personal injuries, whether and at what levels of exposure the alleged contaminants are capable of causing those alleged injuries;

8.  To the extent Plaintiffs suffered personal injuries, whether Defendants' alleged conduct specifically caused those injuries;

9.  Whether Plaintiffs suffered property damage and, if so, the nature and extent of any such damage;

10. To the extent Plaintiffs suffered property damage, whether Defendants' alleged conduct specifically caused that damage;

11. Whether Plaintiffs suffered economic damage and, if so, the nature and extent of any such damage;

12. To the extent Plaintiffs suffered economic damage, whether Defendants' alleged conduct specifically caused that damage;

13. Whether causes other than the fire caused Plaintiffs' alleged harm;

14. The public benefits of ML300.

**3.    Legal Issues**

**Plaintiffs' Position:**

Plaintiffs agree that the core factual issues discussed above are at issue in this case. Plaintiffs submit that the primary legal issues in this case include, but are not limited to, whether Plaintiffs have stated plausible claims for strict products liability, negligence, private nuisance, and trespass to real property.

**Vistra's Position:**

Vistra denies it that it has violated any laws or otherwise engaged in any wrongdoing.  Vistra submits that the primary legal issues in this case include, but are not limited, to the following:

1.  Whether Plaintiffs have properly pleaded their claims under Fed. R. Civ. P. 12(b)(6);

2.  Whether the batteries (including the racks) were defectively manufactured or designed;

3.  Whether the operation of ML300 constitutes a product for purposes of strict products

Gibson, Dunn &
Crutcher

liability;

4.  Whether Defendants were negligent in any way, including in their design, construction, installation, operation, control, usage, or maintenance of ML300;

5.  Whether Defendants had a legal duty to Plaintiffs;

6.  Whether Plaintiffs suffered any damages;

7.  Whether each Defendant was an agent, servant, employee, coconspirator, alter ego, and/or joint venture of each of the other Defendants.

**LG Defendants' Position:**

The LG Defendants deny that they have violated any laws or otherwise engaged in any wrongdoing.  The LG Defendants also deny that this Court has personal jurisdiction over either entity. The LG Defendants submit that the primary legal issues in this case include, but are not limited to:

1.  Whether this Court has personal jurisdiction over the LG Defendants;

2.  Whether Plaintiffs have properly pleaded their claims under Fed. R. Civ. P. 12(b)(6);

3.  Whether there were any defects in manufacture or design of the batteries, fire suppression system(s), and/or the building(s);

4.  Whether the operation of ML300 constitutes a product for purposes of strict products liability;

5.  Whether there was any negligence in the design, construction, installation, operation, control, usage, or maintenance of ML300;

6.  Whether Defendants had a legal duty to Plaintiffs;

7.  Whether Plaintiffs suffered any damages;

8.  Whether each Defendant was an agent, servant, employee, co-conspirator, alter ego, and/or joint venture of each of the other Defendants.

**4.    <u>Motions</u>**

<u>Prior Motions</u>

***Motions for Leave to Appear Pro Hac Vice.***  The Parties have moved, and the court has granted, motions for certain counsel to appear pro hac vice.  No other similar motions are pending.

Gibson, Dunn &
Crutcher

***Administrative Motion to Consider Whether Cases Should Be Related***.  Defendants moved to relate other cases related to the incident at ML300.  The Court granted the motion as to *Kloeppel v. Vistra Corp.*, No. 5:25-cv-02800-EKL, and *Collier v. Vistra Corp.*, No. 5:25-cv-02951-EKL, and denied it as to cases that were removed from (and since remanded to) state court.

***Motion to Dismiss***.  Vistra and the LG Defendants filed motions to dismiss on August 26, 2025. These motions will be heard on November 5, 2025.

Plaintiffs' Anticipated Motions

Plaintiffs do not anticipate filing any motions at this time but reserve the right to do so in the future.

Defendants' Anticipated Motions

1.  Defendants reserve the right to move for summary judgment on some or all of Plaintiffs' claims if their motions to dismiss are denied.

2.  Defendants intend to file a motion to relate *Bock v. Vistra Corp.*, 5:25-cv-06869-BLF, and *Stack View Farms Inc. v. Vistra Corp.*, 5:25-cv-04193-PCP.

3.  Defendants intend to file a motion to coordinate discovery in the federal cases with the discovery in the state court cases and to stay discovery until the Judicial Council Coordination Proceedings (JCCP) petition in state court is decided.  Defendants reserve all rights to bring any and all discovery, administrative, or other motions, including motions to seal their confidential information.

The Parties otherwise believe it is too early to determine whether they will file any additional motions.

## 5.    **Amendment of Pleadings**

**Plaintiffs' Position**:

Thirty (30) days after the Court issues orders on the motions to dismiss in *Solano, et al., v. Vistra Corp., et al.*, No. 5:25-CV-02073-EKL, and *Vitale, et al., v. Vistra Corp., et al.*, No. 5:25-CV-02489-EKL, Plaintiff will amend the Complaint, or in the alternative inform Defendants that he does not intend to amend the Complaint.

## 6.    **Evidence Preservation**

The Parties certify that they have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information, including this District's Checklist for ESI Meet and Confer, are aware of their obligations, and have taken reasonable and proportionate steps to preserve potentially relevant evidence.  The Parties confirm that they have met and conferred concerning these obligations and will continue to do so as necessary.

Due to the nature of the artifacts in this case, it will be necessary to take into consideration the needs of this case, environmental laws and regulations, and safety issues.  Vistra has been discussing and will continue to discuss any potential issues with the EPA.  Similarly, the Parties will continue to meet and confer in good faith regarding issues relating to preservation before bringing issues before the court.

### 7.    Disclosures

The Parties have agreed that they will exchange Rule 26(a)(1) initial disclosures on November 24, 2025, and will enter a stipulation to that effect.

### 8.    Discovery

No discovery has occurred to date.

The Parties anticipate submitting for Court approval a stipulated e-Discovery Order and Protective Order.

The Parties have met and conferred pursuant to Rule 26(f).  The Parties intend to continue discussing the contours and scope of merits discovery and will meet and confer in good faith before bringing any discovery dispute to the Court.  The Parties have discussed coordinating discovery with the state court cases.  The state court parties are preparing to file a JCCP petition to coordinate.  The Parties have agreed to wait until the JCCP petition is decided—and the state court cases potentially coordinated—before setting a discovery schedule.  The Parties have also discussed conducting discovery in phases and using plaintiff fact sheets.

### 9.    Related Cases

In addition to the cases in front of Judge Eumi K. Lee (*Vitale v. Vistra Corp.*, 5:25-cv-02489-EKL; *Kloeppel v. Vistra Corp.*, 5:25-cv-02800-EKL; *Collier v. Vistra Corp.*, 5:25-cv-02951-EKL; *Smith v. Vistra Corp.*, 5:25-cv-5407-EKL; *Bright Future Solar Energy, Inc. v. Vistra Corp.*, 5:25-cv-

Gibson, Dunn &
Crutcher

05485-EKL; *Martin v. Vistra Corp.*, 5:25-cv-05804-EKL), *Bock v. Vistra Corp.*, 5:25-cv-06869-BLF, and *Stack View Farms Inc. v. Vistra Corp.*, 5:25-cv-04193-PCP, are in front of other judges of this Court. The following cases are in California state court: *Vierra v. Moss Landing Power Company, LLC*, 25CV001943 (Monterey Superior Ct.); *Schmidt v. Vistra Corp.*, 25CV109594 (Alameda Superior Ct.); *Roeder v. Moss Landing Power Company, LLC*, 25CV114147 (Alameda Superior Ct.); and *Jackson v. Vistra Corp.*, 25CV116109 (Alameda Superior Ct.).

**10.     Relief**

**Plaintiffs' Position**:

The relief sought by Plaintiffs includes, but is not limited to:

1. Compensatory damages in an amount to be proven at trial;

2. General damages in an amount to be proven at trial;

3. Punitive damages to deter Defendants from future misconduct;

4. Attorneys' fees and costs;

5. Pre- and post- judgment interest as permitted by law;

6. Medical monitoring; and

7. Any other relief that the Court deems just and proper.

**Defendants' Position**:

Defendants dispute that Plaintiffs are entitled to any relief. Defendants are not seeking damages or other relief at this time. Should Defendants prevail in this action, they reserve the right to seek all appropriate remedies, including attorneys' fees.

**11.     Settlement and ADR**

The Parties have complied with ADR Local Rule 3-5 and filed their Certifications. *See* Dkt. 78 (Plaintiffs' certificate); Dkt. 79 (LG Defendants' certificate); Dkt. 80 (Vistra's certificate). The Parties have discussed the possibility of early resolution of this action, and the Parties prefer to discuss potential ADR selections at the case management conference. The Parties agree that an early resolution is unlikely until further discovery into Plaintiffs' alleged injuries has been completed.

Gibson, Dunn & Crutcher

12. **Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

13. **Narrowing of Issues**

The Parties will continue to discuss how the issues can be narrowed by agreement or motion to expedite the presentation of evidence at trial.

14. **Scheduling**

At this time, the Parties believe a scheduling order is premature while Defendants' motions to dismiss are pending and state court coordination has not occurred yet.  The Parties believe that the case schedule in the federal cases should be coordinated with the state cases to avoid conflict and to ensure efficiency.  If the Court does not grant Defendants' motions to dismiss in full, the Parties agree to confer further on the case schedule and coordinate with the parties in the state court proceedings and present a proposed schedule.

15. **Trial**

Plaintiffs have demanded a jury trial.  The Defendants reserve their rights to a jury trial.  At this time, the Parties believes it is premature to estimate the time required for any trial because the scope of the case—and therefore the length of any trial—may change significantly based on the Court's pretrial rulings, including rulings on motions to dismiss and/or a motion for summary judgment (if any).

16. **Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs and Vistra have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  *See* Dkt. 38 (Plaintiffs' certification); Dkt. 20, 34 (Vistra's certification).

**Plaintiffs' Position**:

Plaintiffs have filed Certifications of Interested Entities or Persons as required by Civil L.R. 3-15.

**Vistra's Position:**

Vistra is aware of the following persons, associations of persons, firms, partnerships, or other entities that may have an interest in this matter: (1) the Vanguard Group with its respective affiliates

and managed entities, owning 10% or more of Vistra Corp.'s corporate stock; (2) Moss Landing Energy Storage 1, LLC; and (3) members of Moss Landing Power Company LLC, Moss Landing Energy Storage 3, LLC; Luminant Power LLC; and Luminant Power Generation, LLC (or their members) including Vistra Operations Company LLC; Vistra Intermediate Company LLC; Vistra Zero Operating Company, LLC; Vistra Renewables Holding LLC; Vistra Zero LLC; Vistra Preferred, LLC; Vistra Vision Holdings II LLC; Vistra Vision LLC; Vistra Vision Holdings I LLC; and Vistra Asset Company LLC.

**LG Defendants' Position:**

The LG Defendants are aware of the following persons, associations of persons, firms, partnerships, or other entities that may have an interest in this matter: LG Energy Solution, Ltd., which wholly owns LG Energy Solution Arizona, Inc., and LG Energy Solution Vertech, Inc., and LG Chem, Ltd., which owns 10% or more of LG Energy Solution, Ltd.

**17.    Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 16, 2025                    Respectfully submitted,

By:    */s/ Joseph W. Cotchett*
**COTCHETT, PITRE & McCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
David G. Hollenberg (SBN 325408)
dhollenberg@cpmlegal.com
Blair V. Kittle (SBN 336367)
bkittle@cpmlegal.com
Caroline A. Yuen (SBN 354388)
cyuen@cpmlegal.com
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
**LAW OFFICE OF MOLLY ERICKSON**
Molly E. Erickson (SBN 253198)
erickson@stamplaw.us

Gibson, Dunn & Crutcher

PO Box 2448
Monterey, CA 93942-2448
Telephone: (831) 373-1214

*Counsel for Plaintiffs*

Dated: October 16, 2025

By:   /s/ Austin Schwing
     **GIBSON, DUNN & CRUTCHER LLP**
     Austin Schwing, SBN 211696
     ASchwing@gibsondunn.com
     Winston Y. Chan, SBN 214884
     WChan@gibsondunn.com
     Deena B. Klaber, SBN 285237
     DKlaber@gibsondunn.com
     GIBSON, DUNN & CRUTCHER
     One Embarcadero Center, Suite 2600
     San Francisco, CA 94111-3715
     Telephone: 415.393.8200

     Abbey Hudson, SBN 266885
     AHudson@gibsondunn.com
     Virginia Somaweera, SBN 318866
     VSomaweera@gibsondunn.com
     333 South Grand Avenue
     Los Angeles, CA 90071-3197
     Telephone: 213.229.7000
     Michael Raiff, *pro hac vice*
     MRaiff@gibsondunn.com
     2001 Ross Avenue, Suite 2100
     Dallas, TX 75201-2923
     Telephone: 214.698.3100

     *Attorney for Defendants Vistra*
     *Corporation; Vistra Corporate Services*
     *Company; Dynegy Operating Company;*
     *Moss Landing Power Company, LLC;*
     *Moss Landing Energy Storage 3, LLC;*
     *Luminant Power LLC; and Luminant*
     *Power Generation LLC*

Dated: October 16, 2025

By:   /s/ Jeffrey N. Boozell
     **QUINN EMANUEL URQUHART &**
     **SULLIVAN, LLP**
     Jeffrey N. Boozell (Bar No. 199507)

1
2    jeffboozell@quinnemanuel.com
     865 South Figueroa Street, 10th Floor
     Los Angeles, CA 90017
3    Telephone: (213) 443-3000
     Facsimile: (213) 443-3100
4
5    Eric C. Lyttle (*pro hac vice*)
     ericlyttle@quinnemanuel.com
6    Meghan A. McCaffrey (*pro hac vice*)
     meghanmccaffrey@quinnemanuel.com
7    J. Matthew Hamann (*pro hac vice*)
     matthewhamann@quinnemanuel.com
8    1300 I Street, NW, Suite 900
     Washington, D.C. 20005
9    Telephone: (202) 538-8000
     Facsimile: (202) 538-8100
10
11   Melanie Guzman (*pro hac vice*)
     melanieguzman@quinnemanuel.com
12   700 Louisiana Street, Suite 3900
     Houston, Texas 77002
13   Telephone: (713) 221-7000
     Facsimile: (713) 221-7100
14
15   *Counsel for Defendants LG Energy Solution*
     *Arizona, Inc.; and LG Energy Solution*
16   *Vertech, Inc.*
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: October 16, 2025                    By:    */s/ Austin Schwing*
                                                             Austin Schwing